IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

FRANK SALVADOR ALVARADO,

    Plaintiff,

vs.

BRIAN GARDNER, et al.,

    Defendants.

No. C19-0086-LTS

**ORDER**

_____

    This matter is before me pursuant to plaintiff Frank Alvarado's motion to file an amended complaint (Doc. 31), motion to appoint counsel (Doc. 32), pro se motion to correct (Doc. 33) and pro se motion for an extension of time (Doc. 34). The defendants have not responded.

## I.    BACKGROUND

    Alvarado filed his 42 U.S.C. § 1983 complaint (Doc. 11) on August 15, 2019. He alleges, among other issues, that the medical care provided to him by defendants at the Linn County, Iowa, Jail constituted deliberate indifference to his medical needs. On September 29, 2020, I conducted an initial review of his claim pursuant to 28 U.S.C. § 1915A and allowed it to proceed. Doc. 10. In that same order I denied Alvarado's motion to appoint counsel (Doc. 6), stating:

> At this early stage of the case, it is unclear how much discovery will be required or how complex the case will be. Accordingly, Alvarado's motion to appoint counsel (Doc. No. 6) is denied without prejudice. Alvarado will be free to refile his motion after the defendants have filed their answer or dispositive motion.

*Id*. at 9.

The defendants filed an answer (Doc. 16) on November 24, 2020. On January 22, 2021, the Clerk of Court entered a standard 42 U.S.C. § 1983 briefing schedule. Doc. 19. On December 4, 2020, Alvarado filed a motion to reconsider regarding his motion to appoint counsel (Doc. 17) and on February 19, 2021, he filed a motion to add additional defendants (Doc. 22). On February 26, 2021, I granted Alvarado's motion to add defendants, as a clerical error had resulted in a page of his original complaint not being docketed. *See* Doc. 23. I again denied his motion to appoint counsel without prejudice, vacated the briefing schedule and directed the defendants to file an amended answer. *Id*. On April 21, 2021, defendants filed an amended answer and shortly thereafter the Clerk of Court entered a new briefing schedule. Docs. 25, 26.

In his motion to file an amended complaint (Doc. 31), Alvarado seeks to add several claims to his case. In his motion to correct (Doc. 33), Alvarado seeks to change defendant Sgt. Egli to Sgt. McElmell. In his motion for an extension of time (Doc. 34), Alvarado asks for an extension of deadlines in this case because COVID-19 restrictions have limited the amount of time inmates at his facility are allowed access to the law library and their legal materials. Finally, in his renewed motion to appoint counsel (Doc. 32) Alvarado repeats the issues stated both in prior motions to appoint counsel and in his motion for an extension of time. As noted above, defendants have not responded to any of Alvarado's pending motions.

## II. MOTION TO APPOINT COUNSEL

Under 28 U.S.C. § 1915(e)(1) "[t]he court may request an attorney to represent any person unable to afford counsel." However, "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). "The [district] court has a good deal of discretion to determine whether representation is warranted given the nature of the case and the litigants. *Phillips*, 437 F.3d at 794." *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011).

2

> When determining whether to appoint counsel for an indigent civil litigant, the district court considers relevant factors such as the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the ability of the indigent to present his claim. *See Johnson v. Williams*, 788 F.2d 1319, 1322–23 (8th Cir. 1986).

*Redwing*, 146 F.3d at 546; *see also Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (stating that the court should consider: 1) the factual complexity of the issues; 2) the ability of the plaintiff to investigate the facts; 3) the existence of conflicting testimony; 4) the ability of the plaintiff to present their claims; and 5) the complexity of the legal arguments). However, those factors are not exclusive, and the court may consider other issues. *Crozier for A.C. v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 891 (8th Cir. 2020) (reversing the district court's denial of a motion to appoint counsel after finding that the plaintiff presented "a serious claim" and the "the case otherwise cannot proceed to a timely decision on the merits" without the assistance of counsel).

After reviewing Alvarado's complaint, defendants' amended answer and Alvarado's motions to extend the deadline and appoint counsel, I find that Alvarado would benefit from the appointment of counsel. Further, this case began in 2019 and it has not proceeded expeditiously since. Indeed, the defendants have failed to respond to any of Alvarado's motions since they have appeared in this case. Appointing counsel will aid in timely resolving this case. Therefore, I will grant Alvarado's motion to appoint counsel (Doc. 32). I will also grant his motion for an extension of time (Doc. 34). Because I am appointing Alvarado counsel, I will deny his other pro se motions without prejudice to refiling by counsel.

### III. CONCLUSION

For the reasons set forth above:

1. Alvarado's motion to appoint counsel (Doc. 32) is **granted**. The Clerk's office is **directed** to appoint Alvarado counsel.

3

2. Alvarado's motion for extension of time (Doc. 34) is **granted**. The scheduling order (Doc. 26) is **vacated**.

3. Alvarado's motion to file an amended complaint (Doc. 31) and motion to correct (Doc. 33) are **denied without prejudice**.

4. Within thirty (30) days of Alvarado's counsel entering an appearance, the parties shall contact the chambers of United States Magistrate Judge Mark A. Roberts to schedule a status conference for the purpose of establishing a briefing schedule.

**IT IS SO ORDERED.**

**DATED** this 17th day of November, 2021.

_____
Leonard T. Strand, Chief Judge

4

Case 1:19-cv-00086-LTS-MAR   Document 35   Filed 11/17/21   Page 4 of 4